UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
JOHN F. WINSTON,                    )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 15-204 S
                                    )
DEPUTY WARDEN M. AUGER,             )
LIEUTENANT ODEN AND BREK,           )
OFFICER NICHOLS, BARKER and         )
OFFICER PINHEIRO,                   )
                                    )
        Defendants.                 )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

   This case involves a § 1983 complaint filed by Plaintiff John F. Winston ("Winston"), a prisoner at the Adult Correctional Institution ("ACI") in Cranston. Winston is pro se and moved for leave to proceed in forma pauperis. (ECF No. 2.) Magistrate Judge Patricia A. Sullivan issued a Report & Recommendation ("R&R") recommending Winston's motion for leave to proceed in forma pauperis ("IFP motion") be denied. (ECF No. 4.) Magistrate Judge Sullivan also considered the merits of Winston's complaint pursuant to the Court's preliminary screening authority under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and recommended dismissal of the complaint without prejudice for failure to state a claim upon which relief can be granted. (Id.) Winston timely objected to

the R&R.  (ECF No. 5.)  For the reasons that follow, the Court OVERRULES Winston's objections and ACCEPTS the R&R pursuant to 28 U.S.C. § 636(b)(1).

I.  Winston's IFP Motion

The R&R recommended denial of Winston's IFP motion on two alternative grounds.  First, it recommended denial under the three-strike rule, a doctrine that prohibits prisoners from proceeding <u>in forma pauperis</u> if the prisoner previously filed three or more actions that a court dismissed for failure to state a claim.  28 U.S.C. § 1915(g); <u>Coleman v. Tollefson</u>, 135 S. Ct. 1759, 1761 (2015).  Second, the R&R recommended denial of Winston's motion because Winston had enough money in his bank account — in excess of $4,000 – to initiate a federal case.  (R&R 3, ECF No. 4.)

In his objection, Winston does not dispute that he has sufficient funds to commence an action, nor does he argue he fits into an exception to the three-strike rule.  Instead, Winston tries to explain away one of his prior cases.  (<u>See</u> Pl.'s Obj. ¶ 2, ECF No. 5.)  This, however, does not take Winston outside of the three-strike rule.  Even if the Court were to disregard one of Winston's prior cases, which it does not, Winston still would have filed three prior meritless lawsuits.  (<u>See</u> R&R 2, ECF No. 4.) Accordingly, the three-strike rule applies to Winston.  It and

Winston's financial means independently warrant denial of his IFP motion and Magistrate Judge Sullivan's recommendation is adopted.

II.  The Merits of Winston's Claims

The R&R also recommended dismissal of Winston's complaint for failing to state a claim.  It bases this recommendation on a detailed review of Winston's complaint, construing it liberally and affording Winston significant deference as a pro se litigant. (See R&R 4-5, ECF No. 4.)  From this deferential review, the R&R identifies four alleged injustices that form the basis of Winston's claim: Winston was improperly placed in segregation for ninety days; he improperly lost good time credits; a corrections officer temporarily withheld $300 from him; and a corrections officer violated his privacy by looking at him in a towel while in segregation.  (Id.)  The R&R held that none of these allegations were sufficient to state a claim under § 1983 and recommended dismissal of Winston's complaint without prejudice.  (Id. at 7-9.)

Winston's objection does not take issue with the R&R's recitation of the facts underpinning his claims; instead it principally argues that his claim should survive because he did not do anything wrong.  (See Pl.'s Obj. ¶¶ 1 and 4, ECF No. 5.) These objections, however, do nothing to cure the defects the R&R correctly identified in Winston's complaint.  First, the complaint

3

does not allege that Winston's segregation was atypical and imposed a significant hardship. Sandin v. Conner, 515 U.S. 472, 484 (1995) (liberty interest in freedom from restraint limited to instances where restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); cf. Cook v. Wall, C.A. No. 09-169 S, 2013 WL 773444, at *2 (D.R.I. Feb. 28, 2013) (complaint adequately plead "atypical and significant hardship" when it alleged plaintiff was sent to segregation "without hearings or any evidence to warrant the segregation, was terminated from his employment without evidence, was prevented from producing any evidence at his termination hearing, and was improperly notified regarding the disciplinary board's decision"). Nor do Winston's objections challenge the R&R's conclusion that loss of good time credits under Rhode Island law fails to implicate a liberty interest. (See R&R 7-8, ECF No. 4.) The Court agrees with the R&R's analysis of the claims alleged in Winston's complaint and adopts the R&R's recommendations.

Winston's objection also appears to raise a new allegation not addressed in the R&R: that Department of Corrections employees subjected him to anti-gay slurs. (Pl.'s Obj. ¶ 3, ECF No. 5.) This additional allegation does not save Winston's complaint. While the Court in no way condones the use of comments similar to

those alleged in Winston's objection, "verbal abuse and threats, without more, are not sufficient to state a constitutional violation under § 1983." Flores v. Wall, No. CA 11-69 M, 2012 WL 4471101, at *13 (D.R.I. Aug. 31, 2012) report and recommendation adopted, No. CA 11-69-M, 2012 WL 4470998 (D.R.I. Sept. 25, 2012); Cote v. Barnhart, No. 1:12-CV-00081-NT, 2012 WL 1038918, at *2 (D. Me. Mar. 23, 2012). Here, Winston does not allege any additional conduct, such as physical abuse, that could support his § 1983 claim. Collins v. Graham, 377 F. Supp. 2d 241, 243 (D. Me. 2005) ("Except in circumstances giving rise to 'unnecessary and wanton infliction of pain,' not alleged here, verbal and sexual harassment does not give rise to section 1983 liability in the prison context.") (quoting Whitley v. Albers, 475 U.S. 312, 319, (1986)) (collecting cases). Thus, even with Winston's additional allegation, his complaint fails to state a claim upon which relief can be granted.

III. Conclusion

For the foregoing reasons, this Court ADOPTS the Report and Recommendation submitted by Magistrate Judge Sullivan. Winston's motion for leave to proceed in forma pauperis is DENIED and Winston's complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Winston is granted leave to file an amended complaint that addresses the deficiencies identified above

and in the Report and Recommendation within thirty days, provided that Winston pays the filing fee at the same time he files any amended complaint.  Failure to pay the filing fee will result in dismissal of his Amended Complaint.

IT IS SO ORDERED.

*William E. Smith*
William E. Smith
Chief Judge
Date:  November 3, 2015